[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Legeyt, age 28, and the defendant, Michele L. Legeyt, age 28, whose maiden name was Michele L. Pilette, were married at Weston, Massachusetts on June 24, 1989. There are no minor children issue of the marriage.
The parties met while undergraduates at Boston University, graduating in 1988. They were engaged for a year before marrying. In August of 1988, the defendant purchased a condominium at 51 1/2 A Willard Street, Hartford for $65,000.00 with a mortgage of $63,000.00. The plaintiff occupied this property prior to the marriage while attending medical school at the University of Connecticut.
At the time of the marriage, each party had a car given by their respective parents and approximately $4,000.00 in cash from wedding gifts. The plaintiff paid for his medical education from student loans which also supplemented his family income.
 I
This matter comes to the court as a limited contested family relations matter claimed by the defendant. The only documents in the file are the plaintiff's complaint, the defendant's appearance through counsel, her motion for exclusive possession of the condominium, the trial claim and a motion for protective order. CT Page 10845
By her claims for relief submitted at the time of trial, the defendant seeks affirmative relief including alimony. There is however, no answer or cross complaint seeking relief. Practice Section 456 provides:
 The defendant in a dissolution of marriage, legal separation or annulment matter may file one of the following pleadings:
 (1) An answer may be filed which denies or admits the allegations of the complaint and which may set forth the defendant's claims for relief.
 (2) An answer and cross complaint maybe filed which denies or admits the allegations of the complaint and which alleges the grounds upon which a dissolution, legal separation or annulment is sought by the defendant and specifies therein the claims for relief.
Since the defendant has chosen not to file an answer and/or a cross complaint, there is a serious question as to whether the court may award her any affirmative relief.
The case been tried as if that issue were properly before the court. While the plaintiff could have filed a motion to strike the case from the limited list, he chose not to do so and therefore the court considers this defect waived. See Practice Book Sec. 474 C.
 II
From the evidence, the court finds that the marriage has broken down irretrievably. The cause of the breakdown is the immaturity of the parties, sexual incompatibility, and lack of quality time together due to the plaintiff's study and work related requirements and the defendant's employment. However, not only while in medical school, but as an intern, the plaintiff spent long hours at his chosen career. The defendant likewise worked evening hours so that the parties had little time together. There was evidence of physical altercations between the plaintiff and the defendant, but they were infrequent and no doubt resulted from their frustration over a failing marriage. While the defendant developed a friendship with a co-employee, CT Page 10846 the court finds no impropriety which led to the breakdown of the marriage.
At the present time, the plaintiff is employed as a physician at St. Joseph Hospital in New Jersey, earning $713.00 per week with a net of $509.00. The defendant is employed as a medical technologist at MetPath New England, earning $712.62 per week with a net of $550.56. The plaintiff has three years and eight months remaining on his internship and there is no evidence that his income will increase during that time.
The plaintiff has debts of $80,026.00 including Mastercard $4,600.00; parents personal loan $4,500.00; Sallie Mae, $44,966.00; Northwest-undergrad $15,375.00; Cals $9,209.00; and Perkins NDSL, $1,376.00. The defendant has debts aside of the condominium mortgage of $4,700.00, including Bank of Boston, $1,000.00; Wetstone, Swienton D'Ambro; $1,000.00 and Vecchitto, Schnidman, Macca, $1,000.00. She claims that the condominium has a value of only $22,000.00 with a mortgage of $56,884.93. This value seems low to the court but since she desires to keep it and hold the plaintiff harmless, that issue need not be addressed.
Sec. 46b-82 of the general statutes provides in part that:
 At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other. . . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage . . ., the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties. . . .
Sec. 46b-82, C.G.S.
Based upon the evidence and the factors set forth in general statutes sec. 46b-82, the court enters the following orders:
1. A decree of dissolution based upon irretrievable breakdown.
2. Each party is to pay their own attorney's fees. CT Page 10847
3. Each party is to keep their respective vehicles and assume and pay any loans thereon.
4. Each party will assume and pay any liabilities set forth in their respective financial affidavits and hold the other party harmless therefrom. Subject to the provisions that $1.00 per year alimony is awarded to each party for indemnification purposes only and is otherwise non-modifiable.
PICKETT, J.